FALL 1809,
First District.

*PACKWOOD* vs. *FOELCKELL.*

A debtor who has taken benefit of the insolvent act and afterwards assumes a debt previously contracted, cannot be holden to bail.

THIS was an action brought to recover a debt contracted by the defendant prior to his insolvency, but subsequently assumed by him.

*Ellery* moved that the bail be disharged.

*Mc Shane*, for the plaintiff. The defendant ought not to be discharged from his bail. This debt is supported by a good consideration; and though the insolvency of the defendant had barred the legal remedy of the plaintiff, it had not extinguished the defendant's moral obligation to pay. His subsequent assumption of the debt has now revived the plaintiff's remedy, which ought to be extended to him in all its forms, and not be curtailed in its most material parts. The Spanish law makes no difference between the process to compel the payment of debts thus revived, after the debtor's insolvency, from those subsequently contracted, and the principles of the Spanish, and not those of the common law, ought to prevail.

*Ellery*, in reply. Bail is not known to the Spanish law; it is derived from the common law, and introduced into this country by our statute, of course we naturally look for the construction of our statute to the source from whence it is derived. In England and in the United States, this point has been repeatedly settled, and no defendant who thus conscientiously revives a debt

can be holden to special bail; nor will the court turn his honesty into the means of his imprisonment; this, to use the expression of Lord Mansfield, would be taking an advantage of conscientiousness, to use it against all conscience. 2 *Strange*, 1233, 2 *Bur.* 737, 1 *Mass. Rep.* 283.

*By the Court*, LEWIS, *J. alone.* Let the bail be discharged.